IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STACI CARNEY,

                Plaintiff,

    v.

WEST COAST SELF STORAGE GROUP,

                Defendant.

Case No. 3:25-cv-00377-AB

OPINION & ORDER

**BAGGIO, District Judge:**

Plaintiff Staci Carney filed this action against Defendant West Coast Self Storage Group. Compl. 1, ECF No. 1.[1] After Plaintiff failed to pay rent on her storage unit for a month, Plaintiff alleges that Defendant breached the rental agreement and violated Oregon law by entering the

---

[1] Because Plaintiff used a court-provided form for a portion of the Complaint and then attached additional pages, all citations to the Complaint refer to the PDF page number in the CM/ECF filing.

unit without proper notice and taking possession of her items. Compl. 6–7. Plaintiff seeks compensatory and punitive damages. Compl. 4.

Defendant moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Def.'s Mot. Dismiss 2, ECF No. 9. Plaintiff did not file a response to Defendant's motion. For the reasons below, the Court grants Defendant's Motion to Dismiss.

## BACKGROUND

Plaintiff rented a storage unit in Fairview Storage, which is owned and operated by Defendant. Compl. Ex. A.[2] As part of the rental, Plaintiff signed a Self-Storage Rental Agreement ("Rental Agreement") dated November 6, 2023. *Id.* The Rental Agreement set forth the terms and conditions controlling the transaction between Plaintiff and Defendant. *Id.*

Less than one month after signing the Rental Agreement, Plaintiff alleges that Defendant entered the storage unit and took possession of items inside. Compl. 6. Plaintiff alleges this unnoticed entrance breached the Rental Agreement, which requires Defendant give Plaintiff three days' notice before entering the unit unless there is an emergency. *Id.*; Compl. Ex. A ¶ 10. Plaintiff further alleges that Defendant or Defendant's agent took possession and sold her automobile in violation of the notice and advertising provisions of the Oregon Self-Service Storage Facility Act, Or. Rev. Stat. §§ ("ORS") 87.685–87.695.[3] Compl. 7. In total, Plaintiff brings six claims: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) conversion, (4) larceny, (5) civil conspiracy, and (6) fraud. Compl. 4, 9–10.

---

[2] Plaintiff attached the Rental Agreement to her Complaint. The Court will refer to this attachment as Exhibit A.
[3] Plaintiff refers to this statute as the Oregon Self Storage Act. Compl. 7. The Court understands Plaintiff to be citing the body of law statutorily named the Oregon Self-Service Storage Facility Act. *See* ORS 87.695.

**STANDARDS**

**I.      Rule 12(b)(1)**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allow motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion to dismiss under 12(b)(1) may assert either a facial or factual challenge to the complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge, the moving party asserts that the allegations in the complaint are insufficient to invoke federal jurisdiction. *Id.* In a factual challenge, the moving party disputes the truth of the allegations, and the court may review extrinsic evidence. *Id.*

A federal district court has diversity jurisdiction in any civil action between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Generally, the amount in controversy is determined from the face of the pleadings." *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000).

Courts employ the "legal certainty" test when adjudicating a motion to dismiss alleging an insufficient amount in controversy. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* Put another way, "the district court must accept the amount in controversy claimed by the plaintiff unless it can declare to a legal certainty that the case is worth less." *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015) (citing *St. Paul Mercury*, 303 U.S. at 288–89), *abrogated on other grounds by Garnier v. O'Connor-Ratcliffe*, 136 F.4th 1181 (9th Cir. 2025).

## II.    Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

Courts must liberally construe pro se pleadings. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Additionally, a court cannot dismiss a pro se complaint without first explaining to the plaintiff the deficiencies of the complaint and providing an opportunity to amend. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Dismissal of a pro se complaint without leave

to amend is proper only if it is clear that the deficiencies of the complaint could not be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint under Rule 12(b)(1) and (b)(6). Defendant makes a facial 12(b)(1) challenge, arguing first that a provision in the Rental Agreement limiting damages to $5,000 precludes Plaintiff from alleging at least $75,000 in controversy and, second, that emotional distress and punitive damages are not available to Plaintiff. Def.'s Mot. Dismiss 4–8. In the alternative, Defendant argues that Plaintiff has failed to state a claim with respect to three of Plaintiff's six causes of action. *Id.* at 8–10. The Court addresses each of Defendant's arguments in turn.

## I.    Subject Matter Jurisdiction

Defendant moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. Def.'s Mot. Dismiss 4–8. There is no dispute that the parties are completely diverse. *See* Compl. 3–4; Def.'s Mot. Dismiss 2–4. Instead, Defendant argues that Plaintiff's claims fail to allege more than $75,000 in controversy. Defendant first argues that the contractual limitation on liability in the Rental Agreement precludes jurisdiction. Def.'s Mot. Dismiss 4–6. Defendant next argues that emotional distress damages and punitive damages are unavailable under Oregon state law for the pleaded causes of action. *Id.* at 6–8.

### A.    Contractual Limitation

To dismiss the claims for lack of jurisdictional amount-in-controversy, the Court must find to a legal certainty that Plaintiff's complaint does not state over $75,000 in dispute. *St. Paul Mercury*, 303 U.S. at 289. The Ninth Circuit has identified three situations where the legal certainty standard is clearly met: "1) when the terms of a contract limit the plaintiff's possible

recovery; 2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and 3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." *Pachinger v. MGM Grand Hotel-Las Vegas*, 802 F.2d 362, 364 (9th Cir. 1986) (quoting 14A Wright, Miller, and Cooper, Federal Practice and Procedure, Jurisdiction, § 3702 at 48–50 (2d ed. 1985)). The first situation is at issue here.

Defendant points to paragraph seven of the Rental Agreement, which reads in relevant part: "The Occupant agrees that the maximum value for any claim or suit by the Occupant, including but not limited to any suit which alleges wrongful or improper foreclosure or sale of the contents of a storage unit, is $5,000." Compl. Ex. A ¶ 7; Louder Decl. Ex. A ¶ 7, ECF No. 10. Defendant argues that this contractual limit precludes Plaintiff from satisfying the amount in controversy requirement.

Defendant, however, fails to identify several controlling Ninth Circuit decisions that have curtailed the scope of the holding in *Pachinger*. Indeed, the Ninth Circuit has since held that a "potential defense . . . that the damages limitation restricts recovery to less than $75,000 . . . does not preclude federal jurisdiction. As the Supreme Court has explained, 'the fact that the complaint discloses the existence of a valid defense to the claim' does not eliminate federal jurisdiction . . . ." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010) (quoting *St. Paul Mercury*, 303 U.S. at 289–90).

In *Geographic Expeditions*, a participant died during an attempted summit of Mount Kiliminjaro. *Id.* at 1105. As part of his registration for the expedition, the participant had signed a contract that capped the amount of potential recovery at the cost of the trip, or $16,831. *Id.* The Ninth Circuit reversed the district court's dismissal for lack of subject matter jurisdiction, finding that the cap did not deprive the court of jurisdiction. *Id.* at 1108. The panel described the contract

cap as a defense, and "just because a defendant might have a valid defense that will reduce recovery to below the jurisdictional amount does not mean the defendant will ultimately prevail on that defense." *Id.*

More recently, the Ninth Circuit vacated and remanded when "the district court concluded that it was a legal certainty the amount in controversy did not exceed $75,000 because one of the operative agreements between the parties contain[ed] a limitation of liability clause capping damages at $10,000." *Leo India Films Ltd. v. GoDaddy.com, LLC*, 840 F. App'x 227, 228 (9th Cir. 2021). In remanding, the panel wrote, "it does not appear that the district court considered our decision in *Geographic Expeditions*." *Id.*; *see also Kennedy v. Kive Co.*, No. 3:24-cv-001915-SB, 2025 WL 1368644, at *4–9 (D. Or. Mar. 10, 2025) (summarizing the contract cap jurisprudence).

Based on the foregoing, the contractual limitation in paragraph seven of the Rental Agreement does not establish to a legal certainty that Plaintiff failed to plead more than $75,000 in controversy. The Court therefore declines to dismiss Plaintiff's Complaint on this basis.

B.    Plausibility of Damages

While Plaintiff survives Defendant's jurisdictional challenge on the basis of the Rental Agreement's limitation on damages, Plaintiff has not plausibly alleged that she has suffered at least $75,000 in damages. The amount in controversy is determined by the face of the pleadings. *Geographic Expeditions*, 599 F.3d at 1106. "[T]he plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basic Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). However, Plaintiff's allegations must be plausible. *Id.* at 89. "[S]ummarily alleg[ing] actual damages of $75,000, undoubtedly for the purpose of establishing diversity jurisdiction" renders the complaint "implausible." *Redford v. Greendot Corp.*, No. CV 20-3260

JGB (PVC), 2021 WL 785147, at *7 (C.D. Cal. Jan. 14, 2021) *report and recommendation adopted*, 2021 WL 784955 (C.D. Cal. Feb. 26, 2021).

Plaintiff's Complaint is deficient in two ways. First, Plaintiff only summarily alleges $75,000 in damages in order to establish jurisdiction. Second, many of the causes of action in the Complaint categorically bar recovery of emotional distress or punitive damages, and the causes of action that do not categorically bar recovery still require heightened showings of outrageous conduct on the part of Defendant that has not been alleged here. Because Plaintiff has not plausibly alleged damages exceeding $75,000, the Court lacks subject matter jurisdiction over this case.

Before addressing these two points, the Court dismisses the larceny claim without leave to amend. Larceny is a criminal action prosecuted by the state, not a civil action for which plaintiff could obtain remedies. ORS 164.055; *see also Blocker v. Universal Music Publ'g Grp.*, No. 3:14–cv–01650–SB, 2015 WL 9646823, at *2 (D. Or. Dec. 15, 2015) ("Under Oregon law, larceny is a crime, and not the basis for a civil cause of action."). Having dismissed this claim from consideration, the Court turns to the remaining claims and corresponding alleged damages.

i.      Compensatory and Emotional Distress Damages

In the Complaint, Plaintiff states that she is "undecided on damages sought however they shall exceed $75,000, and will include, compesary [sic], and for emotional distress." Compl. 4. When prompted by the court-provided form to complete the sentence "[t]he amount in controversy . . . is more than $75,000 . . . because (*explain*):" Plaintiff wrote "the plaintiff will be seeking damages that exceeds $75,000." Compl. 4. Plaintiff never avers a specific amount of compensatory damages, although she generally mentions her lost possessions as a 2005 Audi A8L Quattro and other "personal property." Compl. 8–9. She also generally references her

emotional distress damages of lost confidence and self-esteem. *Id.* at 9. These allegations are insufficient. *See Petkevicius v. NBTY, Inc.*, No. 3:14-cv-02616-CAB (RBB), 2017 WL 1113295, at *4 (S.D. Cal. Mar. 24, 2017) ("[S]imply stating . . . the amount in controversy . . . without any specific factual allegations as to the actual amount sought by the plaintiffs does not constitute a good faith allegation . . . .).

In addition, Plaintiff can potentially recover emotional distress damages for only one of her claims: conversion. The Court will address each of her claims in the order in which they were pleaded.[4] For breach of contract and its cousin breach of the covenant of good faith and fair dealing, emotional damages are unavailable except in cases involving physical injury. *Keltner v. Washington Cnty.*, 310 Or. 499, 504, 800 P.2d 752 (1990) (no emotional damages for breach of contract without physical injury); *Koa v. Allstate Indem. Co.*, No. 1:22-cv-00658-CL, 2023 WL 3066268, at *2 (D. Or. Mar. 23, 2023) (breach of the covenant of good faith and fair dealing "sounds in contract law and therefore, emotional and punitive damages are unavailable"). Plaintiff has made no allegations of physical injury.

Emotional distress damages for claims of conversion are available in limited circumstances. Generally, "mental suffering is not compensable in the ordinary trespass or conversion action." *Douglas v. Humble Oil & Ref. Co.*, 251 Or. 310, 317, 445 P.2d 590 (1968). However, "mental suffering is a proper element of damages where evidence of genuine emotional damage is supplied by aggravated conduct on the part of the defendant." *Freedan v. Stride*, 269 Or. 369, 373, 525 P.2d 166 (1974). In *Freedan*, the Court found aggravated conduct where the plaintiff left a dog with a veterinarian so that it could be euthanized only for the

---

[4] To recount, Plaintiff brought claims for (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) conversion, (4) larceny, (5) civil conspiracy, and (6) fraud. Compl. 4, 9–10. The Court has already addressed the larceny claim.

plaintiff to find out six months later that two of the veterinarian's employees had nursed the dog

back to health and then gifted the dog to an acquaintance. *Id.* at 371–72. By contrast, the Oregon

Supreme Court concluded the mistaken towing of a car did not warrant emotional damages

where the owner regained possession of the car. *See Melton v. Allen*, 282 Or. 731, 736, 580 P.2d

1019 (1978). In sum, the Oregon Supreme Court has "allowed redress for mental disturbance

without accompanying physical injury" when a case has "involve[ed] intentional acts of a

flagrant character under most unusual facts and circumstances . . . ." *Id.*

Here, Plaintiff reports a loss of confidence and self-esteem because of the loss of her

vehicle, as well as the inability to participate in Audi Car Club activities. Compl. 9. Plaintiff does

not describe how Defendant's actions rose to the level of flagrant character under unusual

circumstances. In other words, Plaintiff has not sufficiently alleged that emotional distress

damages are recoverable for Plaintiff's claim for conversion. The Court therefore finds that

Plaintiff has not sufficiently alleged that she can recover emotional distress damages.

Next, emotional distress damages for fraud are also unavailable. "No Oregon case has

held that emotional distress damages are recoverable in a claim for fraud." *Nettleton v. Exact Sci.*

*Corp.*, No. 6:22-cv-01290-MC, 2025 WL 418983, at *3 (D. Or. Feb. 6, 2025).

Finally, with respect to civil conspiracy, under Oregon law, "civil conspiracy is not,

itself, a separate tort for which damages may be recovered." *Morasch v. Hood*, 232 Or. App.

392, 402, 222 P.3d 1125, 1132 (2009). The damages recoverable in a civil conspiracy claim

hinge on the underlying acts. *Bonds v. Landers*, 279 Or. 169, 175, 566 P.2d 513 (1997) ("The

damage in a civil conspiracy flows from the overt acts and not from the conspiracy."). Because

Plaintiff has not adequately alleged damages in connection with the other claims, or because

damages are unavailable based on the nature of the underlying claims, damages for emotional distress do not flow from Plaintiff's civil conspiracy claim.

In sum, conversion is the only claim that could potentially allow recovery for emotional distress damages in this case, and Plaintiff does not describe how Defendant's actions rose to the level of flagrant character under unusual circumstances.

        ii.    Punitive damages

Plaintiff's sole allegation regarding punitive damages is that "Plaintiff will also seek punitive damages . . . to be decided at trial by jury." Compl. 4.

"It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (citation omitted). But to include them, "the party asserting jurisdiction must establish that punitive damages would be permitted under the applicable state law based on the conduct alleged." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2019 WL 1501577, at *4 (N.D. Cal. Apr. 5, 2019) (citation omitted). Furthermore, "when the amount in controversy depends largely on alleged punitive damages, the court 'will scrutinize a claim . . . more closely than a claim for actual damages to ensure Congress's limits on diversity jurisdiction are properly observed.'" *Redford*, 2021 WL 785147, at *7 (quoting *McCorkindale v. Am. Home Assurance Co.*, 909 F. Supp. 646, 655 (N.D. Iowa 1995)).

The Court will again address each of Plaintiff's causes of action in turn.[5] There are no punitive damages available for breach of contract or breach of the covenant of good faith and fair dealing. Oregon common law generally does not allow recovery of punitive damages in cases of

---

[5] To recount, Plaintiff brought claims for (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) conversion, (4) larceny, (5) civil conspiracy, and (6) fraud. Compl. 4, 9–10. The Court has already addressed the larceny claim.

breach of contract. *Farris v. U.S. Fid. and Guar. Co.*, 284 Or. 453, 467, 587 P.2d 1015 (1978); *MasTec N. Am. Inc. v. Coos Cnty.*, No. 04-278-AA, 2007 WL 9809143, at *1–3 (D. Or. Jan. 12, 2007). When Oregon courts have allowed punitive damages in breach of contract disputes, "the conduct established could have been held tortious without any underlying contractual relationship between the parties." *Express Creditcorp v. Oregon Bank*, 95 Or. App. 121, 124, 767 P.2d 493 (1989). "[I]f the plaintiff's claim is based solely on a breach of a provision in the contract . . . then the remedy normally will be only in contract . . . whether the breach of contract was negligent, intentional, or otherwise." *Georgetown Realty, Inc. v. Home Ins. Co.*, 313 Or. 97, 106, 831 P.2d 7 (1992). Likewise, breach of the covenant of good faith and fair dealing "sounds in contract law and therefore, . . . punitive damages are unavailable." *Koa*, 2023 WL 3066268, at *2.

Because conversion and fraud claims are treated similarly for purposes of punitive damages, the Court pairs them together. For conversion and fraud claims, punitive damages are only permitted upon a showing of malice, wanton disregard, or outrageous indifference. Generally, "the measure of damages for the conversion of personal property is the reasonable market value of the goods converted at the time and place of the conversion." *Hall v. Work*, 223 Or. 347, 357, 354 P.2d 837 (1960); *see also McMillin v. Walmart Inc.*, No. 2:24-cv-01533-HL, 2024 WL 5112176, at *3 (D. Or. Nov. 5, 2024). Punitive damages, however, may be available when there is "evidence of malice or wilfull [sic], wanton disregard of the property rights of plaintiff or other aggravating circumstances." *Hall*, 223 Or. at 363. Similarly, fraud claims give rise to punitive damages when the requisite malice or indifference is found. *Bechler v. Macaluso*, No. CV 08-3059-CL, 2010 WL 11695057, at *2 (D. Or. May 14, 2010) (citing *McElwain v. Georgia-Pacific Corp.*, 245 Or. 247, 249, 421 P.2d 957 (1966)); *see also* ORS 31.730(1)

(allowing recovery of punitive damages only upon a showing by clear and convincing evidence that a defendant "acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety and welfare of others").

 In its current form, the Complaint does not allege facts rising to malice or reckless indifference. Plaintiff does allege, in the conversion claim, that Defendant participated in the "unlawful and unauthorized taking and removal of Plaintiff property with the intent of depriving Plaintiff of her property and for personal gain and benefit." Compl. 9. Plaintiff further alleges, in the fraud claim, that Plaintiff "intentionally and knowingly misrepresented and concealed fact in order to access the Plaintiff's storage unit with the intent of taking and selling Plaintiff's vehicle." Compl. 9–10. Taking the allegations as true, the Court does not consider this pleading to rise to a showing of malice or reckless indifference. But the Court leaves open the possibility that Plaintiff could replead her request for damages with sufficient facts to support such a claim.

Again, because civil conspiracy is not itself a separate tort and instead damages flow from the underlying acts, punitive damages are not available for the civil conspiracy claim on its own. *Morasch*, 232 Or. App. at 402.

In sum, the Plaintiff summarily alleged the amount in controversy, writing that she is "undecided" but that a combination of compensatory and punitive damages will exceed $75,000. Compl. 4. This is not sufficient. Moreover, for the few claims that allow emotional distress or punitive damages, the Complaint does not allege "intentional acts of flagrant character under most unusual facts and circumstances" or malice or reckless indifference as required by Oregon law. Thus, the Court grants Defendant's motion to dismiss for lack of subject matter jurisdiction with leave to amend, subject to the holdings of the next Section.

## II.    Failure to State a Claim

Defendant also moves to dismiss Plaintiff's claims for larceny, civil conspiracy, and fraud under Rule 12(b)(6). "Normally the Court would not consider whether claims should be dismissed under Rule 12(b)(6) after having determined that jurisdiction is lacking. However, because [Plaintiff] is representing herself, the Court provides the following guidance in the event she attempts to reassert her claims in federal court." *Choudhuri v. Wells Fargo Bank, N.A.*, No. 15-cv-03608-VC, 2016 WL 3212454, at *4 (N.D. Cal. June 10, 2016).

The Court has already dismissed Plaintiff's larceny claim without leave to amend. *See infra* I.B. Defendant next moves to dismiss Plaintiff's claim alleging a civil conspiracy. "In Oregon, a civil conspiracy is 'a combination of two or more persons' who, through 'concerted action,' intend to accomplish an unlawful purpose or to accomplish a lawful purpose through unlawful means." *Dauven v. U.S. Bancorp.*, No. 3:13-cv-844-AC, 2014 WL 2949310, at *15 (D. Or. Mar. 19, 2014) (citing *Osborne v. Fadden*, 225 Or. App. 431, 437, 201 P.3d 278 (2009)). Plaintiff appears to have listed this claim in her short list of claims on page four of the Complaint but does not elaborate in the appended pages. Compl. 4. The factual allegations articulated for other claims fail to identify two or more people or the concerted action. The Court allows Plaintiff leave to amend the civil conspiracy claim; this discussion puts Plaintiff on notice of the defects of this claim as currently pleaded.

Finally, Defendant moves to dismiss Plaintiff's fraud claim. Although Plaintiff pleads fraud under state law, the heightened pleading standard under Federal Rule of Civil Procedure 9(b) still applies. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). Rule 9(b) requires that when pleading fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Accordingly, Plaintiff's allegations "must be accompanied by the

who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citation modified).

Though some Oregon courts list nine elements of a fraud claim, the modern trend appears to use an abbreviated list of elements. *See Strawn v. Farmers Ins. Co.*, 350 Or. 336, 352, 258 P.3d 1199 (2011) (describing the trend). *Strawn* identifies the elements of a fraud claim under Oregon law as: "[1] the defendant made a material misrepresentation that was false; [2] the defendant did so knowing that the representation was false; [3] the defendant intended the plaintiff to rely on the misrepresentation; [4] the plaintiff justifiably relied on the misrepresentation; and [5] the plaintiff was damaged as a result of that reliance. *Id.* Plaintiff's allegations of fraud in the Complaint are conclusory statements that "Defendant(s) intentionally and knowingly misrepresented and concealed fact . . ." Compl. 9–10. Plaintiff does not identify the who, what, where, when, and why of the fraud claim, as required by Rule 9. The Court also allows Plaintiff leave to amend the fraud claim.

## CONCLUSION

The Court GRANTS Defendant's Motion to Dismiss [9]. Plaintiff's larceny claim is dismissed with prejudice. Plaintiff is otherwise granted leave to amend her complaint curing the deficiencies identified herein. Plaintiff's amended complaint is due thirty (30) days from this Opinion & Order. Failure to file an amended pleading will result in dismissal of this action without prejudice.

IT IS SO ORDERED.

DATED this 21st day of October, 2025.

*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge