IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STACI CARNEY,

           Plaintiff,

    v.

WEST COAST SELF STORAGE GROUP;
JAMES MCNAMEE; STEVE TANGREY;
MIKE SPAULDING; and JOHN EISENBARTH,

           Defendants.

Case No. 3:25-cv-00377-AB

OPINION & ORDER

**BAGGIO, District Judge:**

Plaintiff Staci Carney brings this action against Defendant West Coast Self Storage Group and other Defendants. Am. Compl., ECF No. 13. The Court previously granted Defendant's first motion to dismiss and granted Plaintiff leave to amend. Op. & Order, ECF No. 12. Plaintiff timely filed an Amended Complaint. Am. Compl. Plaintiff's Amended Complaint is ninety-one pages, handwritten, and single-spaced. *See generally id.* The Amended Complaint has

1 – OPINION & ORDER

no comprehensive pagination or paragraph numbering, no margins, and features varying signatures and dates applying to each claim. *Id.* The Amended Complaint also adds defendants and causes of action that were not alleged in the initial Complaint or contemplated in the Court's grant of leave to amend. *Id.* Defendant moves for a more definite statement under Federal Rule of Civil Procedure 12(e) or, in the alternative, to strike Plaintiff's Amended Complaint under Rule 12(f). Def.'s Mot. More Definite Statement ("Def.'s Mot."), ECF No. 16. For the reasons below, the Court grants Defendant's Motion on Rule 8 grounds and dismisses Plaintiff's Amended Complaint with leave to amend.

## STANDARDS

Federal Rule of Civil Procedure 8 requires a pleading "contain . . . a short and plain statement of the claim . . . ." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "While 'the proper length and level of clarity for a pleading cannot be defined with any great precision,' Rule 8(a) has 'been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious[] or confused . . . .'" *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1217 (3d ed. 2010)).

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Rule 12(e) provides a remedy for unintelligible pleadings . . . ." *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 414 (D. Or. 2002) (quoting *Resol. Tr. Corp. v. Gershman*, 829 F. Supp. 1095, 1103 (E.D. Mo. 1993)). "[T]he proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." *Harrell v. Bd. of Trs. of Cal. State Univ.*, 710 F. Supp.

2 – OPINION & ORDER

3d 742, 746 (N.D. Cal. 2024) (quoting *Fed. Sav. & Loan Ins. Corp. v. Musacchio*, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988)). "Motions for a more definite statement are viewed with disfavor, and are rarely granted." *Id.* (quoting *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999)).

Federal Rule of Civil Procedure 15 permits a party to amend their pleading once as a matter of course within twenty-one days after serving it, or within twenty-one days after a pleading or motion responsive to it has been filed, whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A)–(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The Court should freely give leave when justice so requires." *Id.* Ultimately, the "grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## DISCUSSION

Defendant moves, on the basis of the Amended Complaint's indecipherability and formatting problems, for a more definite statement or, in the alternative, to strike Plaintiff's Amended Complaint. Def.'s Mot. 4–6. Defendant also moves to strike the Amended Complaint "for including newly pled causes of action that this Court did not provide Plaintiff leave to include." *Id.* at 6–7. The Court addresses the issues in turn.

## I.    Rule 8

Defendant argues "Plaintiff's amended complaint is 91 pages long, is hand-written on un-lined paper, is not properly spaced, is not paginated, has missing or incorrectly numbered paragraphs, does not comply with margin requirements, and is presented and formatted in such a fashion as to make it undecipherable." *Id.* at 4. Plaintiff argues her "91-page complaint is

3 – OPINION & ORDER

detailed, organized, and fact specific" and "provides more than enough information for Defendants to answer." Pl.'s Resp. Def.'s Mot. ("Pl.'s Resp.") 3, ECF No. 17. Plaintiff does "acknowledge[] that the handwritten complaint does not meet every requirement" but argues "formatting defects are curable, not grounds for dismissal." *Id.* at 4.

The Court, relying on Rule 8 and Local Rule 10-1 more than on Rule 12(e), dismisses Plaintiff's Amended Complaint with leave to amend.[1] Rule 12(e) is less applicable because the Amended Complaint is, as a literal matter, intelligible. *See Castle v. Teaney*, No. CV 16-09411-JVS (JDE), 2017 WL 11635873, at *1 (C.D. Cal. July 18, 2017) (rejecting Rule 12(e) challenge even though the "Court agrees that the handwritten complaint is at times difficult to read" because "the Court finds that the Complaint is . . . sufficiently intelligible"). The problem is not that the Amended Complaint is unintelligible but that it is not a "short and plain statement" and fails formatting requirements under both the Federal and Local Rules. Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 10(b) (requiring paragraph numbering); LR 10-1(a)–(e) (setting requirements for, among other things, line spacing and margins). Of course, "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)." *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008). "But a verbose and lengthy pleading which fosters other resulting deficiencies is subject to dismissal under Rule 8(a)(2)." *Ashton v. State of Montana*, No. CV 15–96–M–DWM–JCL, 2015 WL 12714408, at *2 (D. Mont. Nov. 13, 2015), *report and recommendation adopted*, 2016 WL 6534272 (D. Mont. Jan. 5, 2016).

//

---

[1] The Court finds no issue in relying on Rule 8 even though not specifically raised by Defendant. *See Long v. JP Morgan Chase Bank, Nat'l Ass'n*, 848 F. Supp. 2d 1166, 1173 (D. Haw. 2012) ("The Court may . . . *sua sponte* dismiss a complaint for failure to comply with [Rule] 8.").

4 – OPINION & ORDER

Here, in addition to length, the Amended Complaint is single-spaced, has no comprehensive pagination or paragraph numbering, and has no margins. *See generally* Am. Compl. In places, because of the lack of margins, the Amended Complaint's text overlaps with the post-filing docket header at the top of the page. *See, e.g.*, *id.* at 11.[2] This overlap takes on additional weight because, as a result of the lack of pagination, the Court is relying upon that header for page numbers. *See supra* n.2. Furthermore, Plaintiff has filed "mini-complaints" within the broader Amended Complaint that feature different signature dates. For example, the mini-complaint alleging "Civil Fraud" is signed and dated November 24, 2025, Am. Compl. 6–11, while the mini-complaint alleging "Civil Conspiracy" is signed and dated October 26, 2025, *id.* at 12–18.

In sum, because the Court finds the Complaint is not a short and plain statement and does not follow the Court's Local Rules, the Court dismisses Plaintiff's Amended Complaint with leave to file a Second Amended Complaint. The Court recognizes Plaintiff "do[es] not have access to a computer, printer, or formatting software" and is "experiencing a medical condition affecting both of [Plaintiff's] wrists, and [Plaintiff's] doctor has instructed [Plaintiff] to wear braces . . . which limits [Plaintiff's] ability to type or format documents." Notice of Updated Contact 2, ECF No. 20. Neither this Court nor the Local Rules require Plaintiff to type her filings. *See* Local Rule 10-1(a) (permitting "neatly printed" documents). By the same token, however, handwriting does not excuse Plaintiff from Rule 8 or Local Rule 10-1 requirements. If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must abide by the strictures articulated in the Conclusion, including a limit of fifty (50) pages. *See Kelley v. Rambus, Inc.*,

---

[2] Because the Amended Complaint lacks paragraph numbering or pagination, the Court uses the pagination in the cm/ecf header.

384 F. App'x 570, 572 (9th Cir. 2010) ("The district court properly exercised its discretion by ordering that [the plaintiff] limit the original 227–page Consolidated Complaint to 50 pages . . . .").

## II.    Rule 15

Plaintiff adds new claims and new defendants in her Amended Complaint. In her initial Complaint, Plaintiff brought claims for (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) conversion, (4) larceny, (5) civil conspiracy, and (6) fraud. *See generally* Compl., ECF No. 1. The Court dismissed with prejudice the larceny claim and "otherwise granted [Plaintiff] leave to amend her complaint curing the deficiencies identified herein." Op. & Order, 15. In her Amended Complaint, Plaintiff brings claims for (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3)–(4) two counts of fraud, (5) civil conspiracy/ratification, (6) conversion/civil larceny, (7) trespass to chattel, (8) invasion of privacy, (9) gross negligence, (10) negligent supervision, (11) negligent infliction of emotional distress, and (12) violation of the Oregon Unlawful Trade Practices Act (UTPA). Am. Compl. 5. Plaintiff also adds, in addition to original Defendant West Coast Self Storage Group, four individual defendants: James McNamee, Steve Tangrey, Mike Spaulding, and John Eisenbarth. *Id.* at 3. Plaintiff alleges all four new Defendants are "governors and officers of [Defendant] West Coast Self Storage Group[,]" *id.*, and that the "rental contract was pre signed by owner John Eisenbarth[,]" Pl.'s Resp. 4. Defendant West Coast Self Storage Group moves to strike the additional causes of action. Def.'s Mot. 6–7.

"District [c]ourts in this circuit generally allow plaintiffs to add new claims and/or parties to an amended complaint where a prior order of dismissal granted leave to amend without limitation." *Nacarino v. Chobani, LLC*, 668 F. Supp. 3d 881, 900–01 (N.D. Cal. 2022) (quoting

6 – OPINION & ORDER

*Jameson Beach Prop. Owners Ass'n v. United States*, No. 2:13-cv-01025-MCE-AC, 2014 WL 4925253, at \*3 (E.D. Cal. Sept. 29, 2014)). "However, . . . where leave to amend is given to cure deficiencies in certain specified claims, courts have held that new claims alleged for the first time in the amended pleading should be dismissed or stricken." *Id.* at 901 (quoting *Ketab Corp. v. Mesriani & Assocs.*, 2:14–cv–07241–RSWL (MRW), 2015 WL 8022874, at \*8 (C.D. Cal. Dec. 4, 2015)). Indeed, "where a prior court order granted limited leave to amend, [d]istrict [c]ourts in this circuit generally strike new claims or parties contained in an amended complaint when the plaintiff did not seek leave to amend." *Jameson*, 2014 WL 4925253, at \*3 (citing cases). "In all of these cases, courts looked at the specific language of the prior order to determine whether or not leave to amend was granted without limitation." *Nacarino*, 668 F. Supp. 3d at 901 (quoting *Jameson*, 2014 WL 4925253, at \*3).

Here, the Court's Opinion & Order stated "Plaintiff is otherwise granted leave to amend her complaint curing the deficiencies identified herein." Op. & Order 15. In other words, this was a specific and limited grant of leave to amend, not a general or limitless one. Because the Court has already dismissed Plaintiff's Amended Complaint with leave to refile for Rule 8 reasons, the Court need not reach Defendant's request to strike. *See* Def.'s Mot. 6–7. Instead, the Court advises Plaintiff, if she chooses to file a Second Amended Complaint, that she is constrained to curing the claims pleaded in her initial complaint solely against Defendant West Coast Self Storage Group. If Plaintiff seeks leave to amend beyond the initial claims or to add additional defendants, Plaintiff must obtain either Defendant West Coast Self Storage Group's written consent or this Court's leave, pursuant to Rule 15(a)(2).

//

//

7 – OPINION & ORDER

**CONCLUSION**

The Court GRANTS Defendant's Motion for More Definite Statement [16] on alternative Rule 8 grounds. The Court DISMISSES Plaintiff's Amended Complaint and GRANTS Plaintiff leave to file a Second Amended Complaint. If Plaintiff chooses to so file, the Second Amended Complaint must: (1) be concise, and in no circumstances longer than fifty (50) pages; (2) leave margins of approximately one inch on all four sides of the document; (3) be double spaced—if handwritten, this may be completed by using lined paper or if using unlined paper, Plaintiff shall include no more than seventeen (17) lines of handwritten text per page for easier readability; and (4) incorporate all claims into one comprehensively paginated or paragraph-numbered document with a single date and signature. If Plaintiff chooses to file a Second Amended Complaint, she must do so within thirty (30) days of this Opinion & Order.

IT IS SO ORDERED.

DATED this __19th__ day of May, 2026.

AMY M. BAGGIO
United States District Judge

8 – OPINION & ORDER