IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STACI CARNEY,

Plaintiff,

v.

WEST COAST SELF STORAGE GROUP,

Defendant.

Case No. 3:25-cv-00377-AB

OPINION & ORDER

**BAGGIO, District Judge:**

Self-Represented Plaintiff Staci Carney brings this action against Defendant West Coast Self Storage Group. Second Am. Compl. (SAC), ECF No. 22. Plaintiff also filed a Motion to Add Defendants James McNamee, Steve Tangrey, Mike Spaulding, and John Eisenbrath. Pl.'s Mot. Add Defs., ECF No. 3. Defendant now moves to dismiss Plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, to dismiss under Rule 12(b)(6) Plaintiff's claims for civil conspiracy, fraud,

and punitive damages. Def.'s Mot. Dismiss Pl.'s SAC ("Def.'s Mot."), ECF No. 26. Defendant also objects to Plaintiff's motion to add defendants. Def.'s Resp. Opp., ECF No. 25. For the reasons below, the Court denies Plaintiff's Motion to Add Defendants and grants in part and denies in part Defendant's Motion to Dismiss.

**BACKGROUND**

Plaintiff rented a storage unit from a facility owned by Defendant. SAC ¶¶ 8, 10–12. Plaintiff alleges Defendant entered the storage unit on January 5, 2024, SAC ¶ 16, without providing notice or receiving authorization, SAC ¶¶ 28, 90. Plaintiff alleges Defendant "falsely claimed Plaintiff 'left her phone in her unit'" to justify overriding the unit's security system, which was connected to Plaintiff's phone. SAC ¶¶ 18–20, 73. Plaintiff alleges Defendant took possession of the items inside the unit, including Plaintiff's 2005 Audi 8L Quatro and a set of "high end rims and tires." SAC ¶ 1. The car, rims, and tires were then sold at auction for $6,800. SAC ¶¶ 32–34. Plaintiff alleges her account was fully paid and in good standing, and Defendant did not issue any lien, default, or foreclosure notice prior to selling her belongings. SAC ¶¶ 30–31.

In her initial Complaint, Plaintiff brought claims for (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) conversion, (4) larceny, (5) civil conspiracy, and (6) fraud. *See generally* Compl., ECF No. 1. The Court dismissed with prejudice the larceny claim and "otherwise granted [Plaintiff] leave to amend her complaint curing the deficiencies identified [t]herein." Oct. 2025 Op. & Order 15, ECF No. 12. In her First Amended Complaint, Plaintiff added individual defendants and brought claims that were not alleged in the initial Complaint. *See generally* Am. Compl., ECF No. 13. In the Opinion dismissing the First Amended Complaint under Federal Rule of Civil Procedure Rule 8, the Court specifically

advised Plaintiff "she [was] constrained to curing the claims pleaded in her initial complaint solely against Defendant West Coast Self Storage Group." May 2026 Op. & Order 7, ECF No. 21. Further, the Court informed Plaintiff that if she were to "seek[] leave to amend beyond the initial claims or to add additional defendants, Plaintiff must obtain either Defendant West Coast Self Storage Group's written consent or this Court's leave, pursuant to Rule 15(a)(2)." *Id.*

In the Second Amended Complaint, Plaintiff brings claims for (1) conversion, (2) trespass to chattels, (3) fraud, (4) civil conspiracy, (5) negligence, (6) gross negligence, (7) breach of contract, (8) breach of the covenant of good faith and fair dealing, (9) violation of Oregon Revised Statutes §§ (ORS) 87.682–700,[1] (10) violation of the Oregon Unlawful Trade Practices Act (UTPA), (11) intentional infliction of emotional distress, (12) negligent infliction of emotional distress, and (13) punitive damages. SAC ¶¶ 63–112. Plaintiff also moves to add four individual defendants she named in her Second Amended Complaint. Pl.'s Mot. Add. Defs.; SAC ¶ 9.

## STANDARDS

### I. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) may assert either a facial or factual challenge to the complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge, the moving party asserts that the allegations in the complaint are insufficient to invoke federal jurisdiction. *Id.* In a factual

[1] The Court notes that Chapter 87 of the Oregon Revised Statutes contains a subchapter titled "Self-Service Storage Facility Lien," which begins with ORS 87.685 and ends with ORS 87.695. There is no ORS 87.682, and ORS 87.700 begins the subchapter on Agricultural Produce.

challenge, the moving party disputes the truth of the allegations, and the court may review extrinsic evidence in resolving the motion. *Id.*

A federal district court has diversity jurisdiction over any civil action between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Generally, the amount in controversy is determined from the face of the pleadings." *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000).

Courts employ the "legal certainty" test when adjudicating a motion to dismiss alleging an insufficient amount in controversy. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* Put another way, "the district court must accept the amount in controversy claimed by the plaintiff unless it can declare to a legal certainty that the case is worth less." *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015) (citing *St. Paul Mercury*, 303 U.S. at 288–89), *abrogated on other grounds by Garnier v. O'Connor-Ratcliffe*, 136 F.4th 1181 (9th Cir. 2025).

## II. Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the nonmoving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must

be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citation modified).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id*. at 679.

Courts must liberally construe pro se pleadings. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Additionally, a court cannot dismiss a pro se complaint without first explaining to the plaintiff the deficiencies of the complaint and providing an opportunity to amend. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies of the complaint could not be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

**DISCUSSION**

Before addressing Defendant's arguments, the Court finds it appropriate to address the additional claims Plaintiff brings in her Second Amended Complaint without first seeking leave to amend. A court has the inherent authority to enforce its orders. *Cf. Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly."). Previously, the Court expressly noted that Plaintiff's First Amended Complaint contained additional claims and specifically instructed Plaintiff that she needed to seek leave to amend before adding claims beyond those alleged in her initial Complaint. May 2026 Op. & Order 6–7. Plaintiff's Second Amended Complaint, however, failed

to stay within the bounds of this Order. Plaintiff now brings eight causes of action that were not included in the initial Complaint. *Compare* SAC ¶¶ 68–71, 81–87, 99–108, *with* Compl. 4. At no point did Plaintiff seek leave to add these claims. Pursuant to the Court's inherent power to control its docket, the Court dismisses without prejudice Plaintiff's claims for trespass to chattels, negligence, gross negligence, violation of ORS 87.682–700, violation of the Oregon UTPA, intentional infliction of emotional distress, and negligent infliction of emotional distress. *See Jameson Beach Prop. Owners Ass'n v. United States*, No. 2:13-cv-01025-MCE-AC, 2014 WL 4925253, at *3 (E.D. Cal. Sep. 29, 2014) ("[W]here a prior court order granted limited leave to amend, [d]istrict [c]ourts in this circuit generally strike new claims or parties contained in an amended complaint when the plaintiff did not seek leave to amend.").

Turning to Defendant's motion, Defendant moves to dismiss Plaintiff's Second Amended Complaint under Rule 12(b)(1) and 12(b)(6).[2] Defendant brings a facial challenge under Rule 12(b)(1), arguing Plaintiff's Second Amended Complaint fails to allege facts that plausibly meet the $75,000 amount-in-controversy requirement for diversity jurisdiction. Def.'s Mot. 7–10. In the alternative, Defendant argues Plaintiff has failed to state a claim for punitive damages, civil conspiracy, or fraud. *Id.* at 10–11.

**I. Subject Matter Jurisdiction**

Defendant moves to dismiss Plaintiff's Second Amended Complaint for lack of subject matter jurisdiction. Def.'s Mot. 7–10. There is no dispute that the parties are completely diverse. *See* SAC ¶ 5; Def's Mot. 2. Rather, Defendant argues Plaintiff fails to allege more than $75,000

---

[2] Defendant also moves to dismiss Plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure Rule 41, arguing Plaintiff's Second Amended Complaint violates the Court's previous orders and thus warrants dismissal. *See* Def.'s Mot. 5–6. The Court finds dismissal of this action under Rule 41 is inappropriate and declines to address this argument further.

in controversy. Def.'s Mot. 7–10. Defendant argues Plaintiff's Second Amended Complaint contains the same deficiencies as the initial Complaint and thus fails to allege facts sufficient to permit punitive and emotional damages under Oregon law. Def.'s Mot. 9–10; *see* Oct. 2025 Op. & Order 7–13.

The face of the pleadings determines the amount in controversy. *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). The amount in controversy that Plaintiff alleged "controls so long as the claim is made in good faith." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010); *accord Dart Cherokee Basic Operating Co., LLC v. Owenst*, 574 U.S. 81, 87 (2014) ("[T]he plaintiff's amount-in-controversy allegation is accepted if made in good faith."). Further, for a dismissal on amount-in-controversy grounds to be justified absent bad faith, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (citation modified). The Ninth Circuit has "permitted a determination of 'legal certainty' when a rule of law or limitation of damages" applies to cap a plaintiff's potential recovery. *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986). The legal certainty test "is liberally tilted in favor of plaintiffs." *Molina v. Richardson*, 578 F.2d 846, 849 (9th Cir. 1978).

Accepting as true the facts Plaintiff alleges, the Court cannot find to a legal certainty that Plaintiff's claims are worth less than the amount in controversy requirement.

A. Compensatory Damages

Plaintiff states she "suffered economic harm, including loss of her Audi, loss of tires and rims, loss of insurance coverage, loss of personal property, loss of use, transportation costs, and time spent attempting to resolve the lockout and conversion." SAC ¶ 60. Although Plaintiff does

not specify the amount of economic damages she seeks, Plaintiff alleges that her car (including the rims and tires) was sold for $6,800, SAC ¶¶ 32–34, and that the car was insured for $10,000, SAC ¶ 39.

Plaintiff also states she "suffered emotional harm including shock, humiliation, anxiety, fear, loss of security, loss of Audi Car Club participation, distress from interference with litigation, and feelings of violation." SAC ¶ 61. Plaintiff does not indicate a specific amount of emotional distress damages. Rather, she states that together with her economic damages, her "damages exceed the jurisdictional minimum." SAC ¶ 62.

The only cause of action Plaintiff raises that permits recovery of emotional damages is conversion, and only in limited circumstances.[3] Typically, "[m]ental suffering is not compensable in the ordinary trespass or conversion action." *Douglas v. Humble Oil & Refining Co.*, 251 Or. 310, 317, 445 P.2d 590 (1968). "In Oregon, 'the measure of damages for the conversion of personal property is the reasonable market value of the goods converted.'" *Thomspon v. Inman*, No. 6:22-cv-01665-MK, 2024 WL 2078401, at *3 (D. Or. May 9, 2024) (quoting *Hall v. Work*, 223 Or. 347, 357, 354 P.2d 837 (1960)). However, Oregon courts have permitted damages for mental anguish "if mental suffering is the direct and natural result of a specific trespass or other tort." *Douglas*, 251 Or. at 317. Although not always available, "mental suffering is a proper element of damages where evidence of genuine emotional damage is supplied by aggravated conduct on the part of the defendant." *Fredeen v. Stride*, 269 Or. 369, 373, 525 P.2d 166 (1974). Oregon courts have recognized aggravated conduct where the alleged

[3] As the Court noted in its October 2025 Opinion & Order, emotional distress damages for breach of contract, breach of the covenant of good faith and fair dealing, and fraud are either unavailable or available in limited circumstances not applicable here. Oct. 2025 Op. & Order 9–10.

tortfeasor acted with knowledge that they were invading another's property interest. *See id.* at 374–75 (finding both defendants liable for conversion but reversing mental-anguish damages as to only one defendant because "her motivation under the circumstances was entirely benevolent").

The Oregon Supreme Court affirmed the denial of emotional damages for trespassing in *Melton v. Allen*, 282 Or. 731, 733, 580 P.2d 1019 (1978). There, a car owner brought a trespass action against a towing company for the mistaken towing of her vehicle. However, the car owner alleged only emotional damages. She did not allege any economic damages as she was able to recover her unharmed vehicle from the towing company. *Id.* at 734–35. The court recognized previous departures from the "rigid rule of no redress for damages for mental disturbance without accompanying physical injury or physical consequences," but found the events at issue in *Melton* did not "involv[e] intentional acts of a flagrant character under most unusual facts and circumstances" to warrant such departure. *Id.* at 736.

On the face of the Second Amended Complaint, this case differs from *Melton*. Plaintiff alleges Defendant accessed her storage unit, removed her property, and sold it all while Plaintiff's account was in good standing. Plaintiff alleges this was unjustified because Defendant treated Plaintiff's account as fully paid and never issued the requisite notice. Unlike the car owner in *Melton*, Plaintiff alleges she suffered economic damages. Plaintiff did not recover her vehicle or other property. On top of the economic damages, Plaintiff alleges she suffered "shock, humiliation, and emotional trauma" when she "saw her own vehicle publicly advertised for auction." SAC ¶¶ 35–36. Thus, at this stage, the Court cannot find to a legal certainty that Plaintiff is not entitled to emotional damages.

B. Punitive Damages

Plaintiff indicates she "seeks punitive damages" but does not identify a particular amount. SAC ¶ 112. She alleges Defendant "acted with malice, fraud and conscious disregard" and seeks punitive damages "to deter similar conduct." SAC ¶¶ 110, 112.

"It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (citation modified); *accord Bell v. Preferred Life Assur. Soc. of Montgomery*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."). However, the party asserting federal jurisdiction must establish that punitive damages are allowed under state law. *In re Volkswagen "Clean Deisel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2019 WL 1501577, at *4 (N.D. Cal. Apr. 5, 2019) (citing *Davenport v. Mut. Ben. Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963)). As the Court noted in its previous Opinion, conversion and fraud are the only causes of action Plaintiff brought in her initial Complaint that do not categorically bar punitive damages.[4] Oct. 2025 Op. & Order 11.

Oregon law allows for the recovery of punitive damages in conversion and fraud claims where there is evidence the defendant acted with malice. *Hall v. Work*, 223 Or. 347, 363, 354 P.2d 837 (1960); *Bechler v. Macaluso*, No. CV 08-3059-CL, 2010 WL 11695057, at *2 (D. Or. May 14, 2010). Malice under Oregon law "means 'nothing more than a wrongful act done

---

[4] Oregon common law generally does not permit recovery of punitive damages for claims arising under contract law. *See, e.g.*, *Farris v. U.S. Fid. & Guar. Co.*, 284 Or. 453, 467, 587 P.2d 1015 (1978); *Georgetown Realty, Inc. v. Home Ins. Co.*, 313 Or. 97, 106, 831 P.2d 7 (1992). *But see Express Creditcorp v. Or. Bank*, 95 Or. App. 121, 124, 767 P.2d 493 (1989) (acknowledging allowance of punitive damages where "the conduct established could have been held tortious without any underlying contractual relationship between the parties").

intentionally without just cause or excuse.'" *Melani v. Chipotle Servs., LLC*, 3:17-cv-01177-AC, 2018 WL 4658709, at *3 (D. Or. Aug. 2, 2018) (quoting *Friendship Auto Sales, Inc. v. Bank of Willamette Valley*, 300 Or. 522, 535, 716 P.2d 715 (1986)). "The intentional disregard of the interest of another is the equivalent of legal malice, and justifies punitive damages . . . ." *Friendship Auto Sales, Inc.*, 300 Or. at 535. Oregon courts have permitted punitive damages for conversion where evidence shows a defendant "willfully converted some of plaintiff's property without a good faith belief it was entitled to have the property." *Hicks v. Lilly Enters., Inc.*, 45 Or. App. 211, 217, 608 P.2d 186 (1980).

The Court finds that viewed in the entirety, the Second Amended Complaint contains sufficient facts to support a plea for punitive damages. *See McGill v. Huling Buick Co.*, 259 Or. 413, 420, 487 P.2d 656 (1971) ("If the general allegations of the complaint are sufficient to show the wrong complained of was inflicted with malice . . . , the complaint will be deemed sufficient to authorize the infliction of punitive or exemplary damages." (citation modified)). Plaintiff states that at the time of the alleged conversion, her account was fully paid and in good standing, and that Defendant treated it as such. Yet, without notice or authorization, Defendant entered her unit, removed her property, and enabled a third party to sell it at auction. At this stage, the Court accepts as true the facts Plaintiff alleges and construes them in the light most favorable to Plaintiff. From these facts, Plaintiff has plausibly alleged Defendant intentionally disregarded Plaintiff's property interest without just cause or excuse.

Because the Court cannot find with a legal certainty that Plaintiff is unable to recover emotional or punitive damages for the conduct alleged in the Second Amended Complaint, the requested relief satisfies the amount-in-controversy requirement. This Court has subject matter jurisdiction.

## II. Rule 12(b)(6)

Defendant also moves to dismiss Plaintiff's claims for fraud and civil conspiracy under Rule 12(b)(6). Defendant first argues the Second Amended Complaint "does not include any facts to support" a civil conspiracy claim. Def's Mot. 10. Defendant then maintains that Plaintiff's allegations do not meet the heightened pleading standard for fraud claims. *Id.* at 11. The Court addresses each claim in turn.

### A. Civil Conspiracy

Defendant moves to dismiss Plaintiff's civil conspiracy claim for failure to state a claim. Defendant argues "Plaintiff has failed to allege or identify two or more persons or the concerted action in which they conspired." Def.'s Mot. 10.

Plaintiff's Second Amended Complaint and her Motion to Add Defendants identify four individuals who "owned operated, managed, controlled, or directed the facility doing business as 'West Coast Self Storage Group.'" SAC ¶ 9. Plaintiff alleges they "acted in concert to seize and control [her] vehicle" and "shared a common unlawful purpose." SAC ¶¶ 78–79. Neither the Second Amended Complaint nor the Motion to Add Defendants avers any individual's particular role—beyond the general allegation that together they "controlled, directed, and executed the wrongful conduct." Pl.'s Mot. Add Defs. 3. Rather, Plaintiff states "all wrongful acts . . . were carried out under [the] business name," West Coast Self Storage Group, and the individuals acted through the business. *Id.* at 3.

Civil conspiracy is not an independent cause of action in Oregon. "Rather, it is a way in which a person may become jointly liable for another's tortious conduct." *Morasch v. Hood*, 232 Or. App. 392, 402, 222 P.3d 1125 (2009). "In Oregon, a civil conspiracy is 'a combination of two or more persons' who, through 'concerted action,' intend to accomplish an unlawful purpose

or to accomplish a lawful purpose through unlawful means." *Dauven v. U.S. Bancorp.*, No. 3:13-cv-844-AC, 2014 WL 2949310, at *15 (D. Or. Mar. 19, 2014) (citing *Osborne v. Fadden*, 225 Or. App. 431, 437, 201 P.3d 278 (2009)). Civil conspiracy is "a theory of mutual agency under which a conspirator becomes jointly liable for the tortious conduct of his or her coconspirators." *Osborne*, 225 Or. App. at 437.

Plaintiff's allegations do not establish a civil conspiracy. Although Plaintiff identifies four individuals, neither the Second Amended Complaint nor the Motion to Add Defendants articulates factual allegations about the roles these individuals played or the concerted action they took to accomplish the tortious conduct underlying Plaintiff's claims. Further, since the alleged wrongful conduct was done by and through Defendant West Coast Self Storage Group, civil conspiracy would be inappropriate as a theory of liability. Accordingly, the Court dismisses without leave to amend Plaintiff's claim for civil conspiracy.

B. Fraud

Defendant moves to dismiss Plaintiff's fraud claim. Defendant argues that although the Second Amended Complaint listed the alleged misrepresentations, Plaintiff did not allege who made them, when and why they were made, or how Defendant intended to and caused Plaintiff's reliance. Def.'s Mot. 11; *see Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." (citation modified)). As a result, Plaintiff did not plead her claim for fraud with the particularity Federal Rule of Civil Procedure 9(b) requires. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (recognizing that Rule 9(b)'s particularity requirement applies to state fraud claims brought in federal court).

Although Rule 9(b) demands "that the *circumstances* of the fraud must be stated with particularity," federal courts "examine state law to determine whether the *elements* of fraud have been pled sufficiently to state a cause of action." *Id.* at 1102 (second emphasis added). Oregon common law recognizes nine elements of fraud. Lately, however, Oregon courts have applied a simplified list of five elements. *See Strawn v. Farmers Ins. Co.*, 350 Or. 336, 352, 258 P.3d 1199 (2011); Oct. 2025 Op. & Order 15. To state a claim for fraud, Plaintiff must plead facts indicating "[1] the defendant made a material misrepresentation that was false; [2] the defendant did so knowing that the representation was false; [3] the defendant intended the plaintiff to rely on the misrepresentation; [4] the plaintiff justifiably relied on the misrepresentation; and [5] the plaintiff was damaged as a result of that reliance." *Strawn*, 350 Or. at 352 (citation modified).

Plaintiff alleges Defendant "knowingly made false statements" and "intended Plaintiff to rely on these statements." SAC ¶¶ 73–74. The Second Amended Complaint identifies nine allegedly false statements, seven of which are relevant to Plaintiff's claims[5]:

> (a) Plaintiff "left phone in her unit"; (b) Plaintiff owed rent; . . . (e) no bailment existed; (f) access to plaintiff unit would be exclusive to Plaintiff's control; (g) without a court order or law enforcement or government agency unless a written consent by plaintiff to allow access to her unit access would be denied; (h) Plaintiff controlled access with a secure Bluetooth app only she controlled; (i) Plaintiff could access her unit if no default was in place.

SAC ¶ 73. Plaintiff alleges she relied on these statements and suffered harm as a result. SAC ¶¶ 75–76.

The Court understands these seven statements to fall into three categories. The first category relates to Defendant's alleged override of the unit's security system, which includes statement (a). The second category relates to Plaintiff's allegation that Defendant "treated

[5] Plaintiff includes in the list two statements pulled from previous filings in this case: "(c) Plaintiff was subject to $5,000 cap; (d) Attorneys false claim of attempted contact." SAC ¶ 73. Neither has any relevance to Plaintiff's fraud claims so the Court does not consider them.

Plaintiff's account as fully paid," SAC ¶ 25, and includes statements (b) and (e). The third category consists of statements in the rental agreement that described Plaintiff's exclusive control over access to her unit and includes statements (f)–(i). The Court will evaluate Plaintiff's fraud claim with regard to each category.

The first category fails to state a claim for fraud. Plaintiff alleges that Defendant made this statement to conceal the January 5, 2024, override of the "Noke Access" system. SAC ¶¶ 16–20. Plaintiff alleges Defendant knew this statement was false. SAC ¶ 19. However, Plaintiff does not describe how Defendant intended for her to rely on this false statement, how she relied on it, or how her reliance on the false statement caused her damages.

Plaintiff similarly fails to state a claim with regard to the second category of statements. Plaintiff does not explain the actions Defendant took to treat her account as paid. The Second Amended Complaint does not provide details surrounding the circumstances of the statements that "Plaintiff owed rent" or that "no bailment existed," such as when they were made or how they were made. *See Kearns*, 567 F.3d at 1124. Nothing in the Second Amended Complaint indicates whether Defendant made these statements knowing they were false.

Finally, Plaintiff fails to state a claim for fraud as to the third category of statements concerning her control over the rental unit. Although Plaintiff asserts these statements were made orally and in the signed rental agreement, she does not describe how they were material or how Defendant intended Plaintiff to rely on these statements. The Second Amended Complaint does not contain facts "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge." *Id.*

The Court construes the Second Amended Complaint liberally in light of Plaintiff's self-represented status and makes all inferences in the light most favorable to Plaintiff as the

nonmoving party. Even so, the Court finds the Second Amended Complaint fails to plead facts sufficient to state a claim for fraud. Given the Court's prior attempt to provide guidance to Plaintiff in asserting her fraud claim, the Court concludes that further amendment would be futile. So, the Court dismisses without leave to amend Plaintiff's claim for fraud.

**III. Plaintiff's Motion for Leave to Add Defendants.**

Plaintiff moves to add four individual defendants. Plaintiff filed this motion concurrently with the Second Amended Complaint. The Second Amended Complaint added those defendants prior to the Court's ruling on the motion. Defendant opposes the motion as procedurally improper under Local Rule 15(b), moot, and futile. *See* Def.'s Mot. Opp. 2–3. The Court denies Plaintiff's motion to add defendants as futile.

Federal Rule of Civil Procedure 15(a) permits a party to "amend its pleading once as a matter of course." Fed. R. Civ. P. 15(a)(1). A party may not make further amendments unless it has received consent from the opposing party or leave from the court. Fed. R. Civ. P. 15(a)(2). "The power to grant leave to amend, however, is entrusted to the discretion of the district court, which 'determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (quoting *William O. Gilley Enters. v. Atl. Richfield Co.*, 588 F.3d 659, 669 n.8 (9th Cir.2009)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

The facts alleged in Plaintiff's Second Amended Complaint and detailed in her Motion to Add Defendants do not plausibly state a claim against the proposed individual defendants. Plaintiff never identifies a specific action taken by any individual and merely argues that the individuals acted through Defendant West Coast Self Storage Group. Pl.'s Mot. Add Defs. 3; *see*

*generally* SAC. And adding the individual defendants would not cure deficiencies previously identified by the Court. *See* May 2026 Op. & Order 15. For these reasons, the Court denies Plaintiff's Motion to Add Defendants.

**CONCLUSION**

The Court DENIES Plaintiff's Motion to Add Defendants [23]. The Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss [26]. Plaintiff's claims for fraud and civil conspiracy are DISMISSED without leave to amend. Based on this Opinion and Order Plaintiff's claims for conversion (Claim One), breach of contract (Claim Seven), breach of the covenant of good faith and fair dealing (Claim Eight), and punitive damages (Claim Thirteen) remain. Should Plaintiff wish to add parties or claims to this case, she must obtain either Defendant West Coast Self Storage Group's written consent or this Court's leave, pursuant to Rule 15(a)(2), before doing so. Pursuant to Rule 12(a)(4)(A), Defendant's Answer is due fourteen days from the date of this order.

IT IS SO ORDERED.

DATED this 16th day of Oct., 2026.

AMY M. BAGGIO
United States District Judge